UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

```
                               :
FELIX D. FORBES,               :
            Petitioner         :    No. 4:CV-05-0297
                               :
        vs.                    :    (Petition Filed 02/10/05)
                               :
                               :    (Judge Muir)
BUREAU OF IMMIGRATION AND      :
CUSTOMS ENFORCEMENT,           :
                               :
            Respondent         :
```

## ORDER

July 12, 2005

Felix D. Forbes ("Forbes"), a native and citizen of Columbia, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on February 10, 2005, challenging his prolonged detention by the Bureau of Immigration and Naturalization Service ("ICE"), as well as his final order of removal. A response and traverse having been filed, the petition is ripe for disposition. For the reasons that follow, petitioner's challenge to his continued detention will be dismissed as premature, and the respondent will be directed to file a supplemental brief indicating whether petitioner's challenge to his final order of removal should be transferred

to a United States Court of Appeals, pursuant to the REAL ID Act of 2005, H.R. 1268, 109th Cong. (2005).

**Background**

On June 16, 1991, Forbes entered the United States as a non-immigrant.  (Doc. No. 8, Ex. A).  He was not lawfully admitted for permanent residence.  Id.

On September 11, 2001, he was convicted in the United States District Court for the Middle District of Florida for the offenses of Conspiracy to Possess with Intent to Distribute in excess of 100 grams of heroin, in violation of Title 21 United States Code, Sections 846 and 841(b)(1)(B)(i).  (Doc. No. 8, Exhibit C).  On January 7, 2002, he was sentenced to a thirty-seven (37) month term of imprisonment.  Id.

On March 11, 2002, ICE served petitioner with a Notice of Intent to Issue a Final Administrative Removal Order pursuant to Section 238(b) of the Immigration and Nationality Act ("INA").  (Doc. No. 8, Ex. A).  This Notice of Intent charged that petitioner was removable from this country pursuant to Section 237(a)(2)(A)(iii) of the INA, 8 U.S.C. § 1227(a)(2)(A)(iii), as an alien convicted of an aggravated

2

felony as defined in § 101(a)(43) of the INA, 8 U.S.C. § 1101 (a)(43). <u>Id</u>.

On May 22, 2002, a Final Administrative Removal Order was issued pursuant to Section 238(b) of the INA, finding petitioner deportable and ordering his removal to Colombia. (Doc. No. 8, Ex. E). Forbes subsequently petitioned the immigration court for withholding of removal under both Section 241(b)(3) of the INA and the Convention Against Torture. (Doc. No. 8, Ex. F). By Order dated June 16, 2004, petitioner's requests were denied. <u>Id</u>. On July 6, 2004, petitioner's motion for reconsideration of the Immigration Judge's decision was also denied. (Doc. No. 8, Ex. G). On November 12, 2004, petitioner filed an appeal of this decision to the Board of Immigration Appeals ("BIA"). (Doc. No. 8, Ex. H). By Order dated January 26, 2005, the BIA dismissed petitioner's appeal as untimely. <u>Id</u>.

## II.      <u>Discussion</u>

Detention, release, and removal of aliens ordered removed is governed by the provisions of 8 U.S.C. §1231. Under §1231(a), the Attorney General has 90 days to remove an alien from the United States after his order of removal, during which

time detention is mandatory.[1]  At the conclusion of the 90 day period, the alien may be held in continued detention, or may be released under continued supervision.  8 U.S.C. §§1231(a)(3) & (6).

The United States Supreme Court recently addressed the issue of whether §1231(a)(6) authorizes the Attorney General to detain a removable alien indefinitely beyond the 90 day removal period or only for a period reasonably necessary to effectuate the alien's deportation in Zadvydas vs. Davis, 533

_____

[1]Section 1231(a)(1)(B) provides:
The removal period begins to run on the latest of then following:

> (i)  The date the order of removal becomes administratively final.
>
> (ii)  If the removal order is judicially reviewed and if the court orders a stay of the removal of the alien, the date of the court's final order.
>
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement. At the conclusion of the 90 day period, the alien may be held in continued detention, or may be released under continued supervision. 8 U.S.C. §§ 1231(a)(3) and (6).

4

U.S. 678, 121 S.Ct. 2491 (2001).  Reasoning that the indefinite detention of aliens "would raise serious constitutional concerns," the Court concluded that the statute "limits an alien's post-removal-period detention to a period reasonably necessary to bring about the alien's removal from the United States.   It does not permit indefinite detention."  Id. at 2498.   The Court asserted that "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute."  Id. at 2503.  To establish uniformity in the federal courts, the Court recognized six (6) months as a "presumptively reasonable period of detention."  Id. at 2505.  The Court further directed that if the alien provides good reason to believe that there is no significant likelihood of deportation in the reasonably foreseeable future at the conclusion of the six (6) month period, the burden shifts to the government to "respond with evidence sufficient to rebut that showing."  Id.  The Court stated that not every alien must be released after six (6) months; but, rather, an alien may still be detained beyond six (6) months "until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future."   This holding is not

5

limited to only deportable aliens, but also applies to inadmissible aliens. <u>See</u> Clark vs. Martinez, 2005 WL 50099 (U.S. Jan. 12, 2005)(holding that the holding in <u>Zadvydas</u> also applies to aliens deemed inadmissible to the United States).

Following the Supreme Court's decision in <u>Zadvydas</u>, regulations have been promulgated to meet the criteria established by the Supreme Court. <u>See</u> 8 C.F.R. § 241.4. Prior to the expiration of the 90 day removal period, the district director shall conduct a custody review for an alien where the alien's removal, while proper, cannot be accomplished during the prescribed period. 8 C.F.R. § 241.4(k)(1)(i). When release is denied pending the removal, the district director may retain responsibility for custody determinations for up to three months or refer the alien to the HQPDU for further custody review. 8 C.F.R. § 241.4(k)(1)(ii). Because the six month period established by the Supreme Court has not expired and Forbes does not contend he has been denied a hearing pursuant to <u>Zadvydas</u>, petitioner's challenge to his detention is prematurely before the Court.

With respect to Forbes' challenge to his final order of deportation, a review of the matters raised indicate that

pursuant to the Real ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231, 311 (2005), petitioner's challenge to his final order may be transferred to the appropriate United States Court of Appeals. In pertinent part, the Act provides:

> If an alien's case, brought under section 2241 of title 28, United States Code, and challenging a final administrative order of removal, deportation, or exclusion, is pending in a district court on the date of the enactment of this division, then the district court shall transfer the case (or the part of the case that challenges the order of removal, deportation, or exclusion) to the court of appeals for the circuit in which a petition for review could have been properly filed under section 242(b)(2) of the Immigration and Nationality Act (8 U.S.C. 1252), as amended by this section, or under section 309(c)(4)(D) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (8 U.S.C. 1101 note).

119 Stat. at 311. Thus, a transfer to the appropriate United States Court of Appeals appears to be warranted in this matter.

The United States Court of Appeals for the Third Circuit recently issued "guidance" to the District Courts, suggesting that the parties be afforded an opportunity to be

heard on the issue of transfer before the District Court takes action.[2] Thus, this Court finds it necessary to afford the parties an opportunity to be heard on the issue of transfer.

**IT IS HEREBY ORDERED THAT:**

1.   Petitioner's challenge to his continued detention is DISMISSED without prejudice as premature.

2.   Within fifteen (15) days from the date of this Order, respondent shall indicate in writing whether the remaining challenge to petitioner's final order of removal should be transferred to a United States Court of Appeals. If it is appropriate to transfer the above-captioned matter, respondent shall identify the Court of Appeals to which the case should be transferred. Respondent shall also state (i) where the Immigration Judge concluded the proceedings and (ii) the petitioner's Alien Number.

s/Malcolm Muir

_____
MUIR
United States District Judge

_____

[2]The guidance further indicated that any stay of removal or deportation should remain in effect when the case is transferred. The Government may move in the Court of Appeals to vacate the stay if appropriate.